IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jameco Abdul Toney,  )<br>)<br>v.                                                  )<br>)<br>)<br>Warden, Kirkland Correctional Institution.   )<br>)<br>_____ ) | Civil Action No.: 4:20-cv-00692-JMC<br><br>**ORDER** |

      Petitioner Jameco Abdul Toney has filed a *pro se*[1] Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Currently before the court is Respondent Warden's Motion for Summary Judgment. (ECF No. 16.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to the United States Magistrate Judge for pretrial handling. In November 2020, the Magistrate Judge issued a Report and Recommendation ("Report") suggesting the court grant Respondent's Motion for Summary Judgment. (ECF No. 22.) Petitioner filed Objections to the Report (ECF No. 24), and the Warden filed a Reply to Petitioner's Objections. (ECF No. 26). For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and adopts the findings therein (ECF No. 22) and **GRANTS** the Motion for Summary Judgment (ECF No. 16).

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

## I.     RELEVANT BACKGROUND

In June 2011, Petitioner was indicted in South Carolina state court "for trafficking in marijuana ten to one hundred pounds." (ECF No. 22 at 2.) Before trial in November 2013, "Petitioner's counsel made a motion *in limine* requesting the court to suppress the introduction of the marijuana found in the trunk of the vehicle the Petitioner was driving when stopped by the police." (*Id.*) The motion was denied. (*Id.*) Subsequently, "[d]uring the introduction of the marijuana into evidence, Petitioner's counsel failed to renew her objection." (*Id.*) Ultimately, the jury convicted Petitioner and the trial "court sentenced him to nine years in prison." (*Id.*)

On direct appeal, Petitioner contended the lower court erred by finding he "lacked standing to challenge both the search of the rental car vehicle he was driving and the unreasonable length of his detention as a Fourth Amendment seizure. (*Id.* at 3 (citation and internal marks omitted).) In response, the "State argued that the issue was not preserved because defense counsel only objected during the hearing on the motion *in limine*, and that the suppression motion was properly denied." (*Id.*) The South Carolina Court of Appeals denied Petitioner's claims and affirmed the lower court. (*Id.*)

In June 2017, Petitioner filed a Post-Conviction Relief ("PCR") Application alleging ineffective assistance based on the failure to preserve the objection to the marijuana's admission as well as an improper sentence enhancement. (*Id.*) The PCR court noted Petitioner only proceeded on the ineffective assistance claim. (*Id.* at 3-4.) The PCR court then dismissed Petitioner's application and denied relief. (*Id.* at 4.)

> When subsequently petitioning for a writ of certiorari, Petition brought one claim:
>
> Trial counsel erred in failing to enter the proper objections at trial in order to preserve for appellate review petitioner's Fourth Amendment issue from the trial (illegal seizure), and also his standing issue raised at trial as well in light of the holding in *Byrd v. United States*, 138 S. Ct. 1518 (2018).

(ECF No. 22 at 4.) The Supreme Court of South Carolina denied the writ. (*Id.*)

Thereafter, in February 2020, Petitioner filed the Petition before the court under § 2254. (ECF No. 1.) Petitioner stated three grounds to support his Petition: unlawfully enhanced sentence, ineffective assistance of counsel, and illegal search and seizure. (*Id.* at 4-5.) In April 2020, the Warden filed the instant Motion for Summary Judgment, seeking summary judgment based on the pleadings. (ECF No. 16.) Petitioner filed a Response (ECF No. 20), to which the Warden replied (ECF No. 21).

The Magistrate Judge issued the Report in November 2020, recommending the court grant Respondent's Motion for Summary Judgment. (ECF No. 22.) First, the Magistrate Judge observed that Petitioner's excessive sentence was not raised on direct appeal and, regardless, Petitioner had not shown the state court's reading of S.C. Code Ann. §44-53-370(e)(1)(a)(2) (2018)—which justified the enhancement—was unreasonable. (*Id.* at 10-11.) Second, the Magistrate Judge highlighted the PCR court's thorough reasoning that, even if defense counsel had objected to the admission of the marijuana during trial, such an objection would have been meritless. (*Id.* at 12-19.) Such error was harmless, the Magistrate Judge continued, and Petitioner could thus not prove prejudice under *Strickland*. (*Id.* at 17-19.) Third and finally, the Magistrate Judge again emphasized the PCR court's finding that the traffic stop was lawful based upon "numerous indicators" presented to law enforcement, and that Petitioner had no expectation of privacy as an unauthorized driver of the rental car he was operating at the time of the stop. (*Id.* at 19-21.)

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 Habeas Petition when the petitioner

is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

### III.     LEGAL STANDARD

#### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

#### B. Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party in order to avoid summary judgment. *See id.* at 248.

        C.  <u>Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254</u>

State prisoners have a statutory right to seek habeas relief in federal courts. *See* 28 U.S.C. § 2254(a). However, a court's review of a § 2254 petition filed after April 24, 1996, is limited by provisions of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (codified as amended in scattered sections of 28 U.S.C.). Because Petitioner filed his Petition after the effective date of the AEDPA, review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 410. "Rather, that application must also be unreasonable."

*Id.* Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV.     ANALYSIS

A party's objection to a magistrate judge's report must generally be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotations marks omitted)).

Petitioner contests the Report's findings regarding his allegations of an excessive sentence in Ground 1, ineffective assistance in Ground 2, and an illegal search and seizure in Ground 3. For Ground 1, Petitioner reemphasizes that his sentence was improperly enhanced based on a prior conviction that should not have justified enhancement. (ECF No. 24 at 2.) Petitioner similarly offers a general objection to Ground 2, stating his attorney's failure to object amounted to substandard, ineffective assistance. (*Id.* at 3.) Lastly, Petitioner disputes the findings surrounding Ground 3, stressing the marijuana at issue was planted in his vehicle and suggesting an officer lied on the stand. (*Id.* at 3-4.)

Here, the court overrules Petitioner's objections. The court finds these objections merely repeat claims the Magistrate Judge properly considered and addressed. (*See* ECF No. 22 at 10-21.) Specifically, Petitioner rehashes his contentions that his sentence was excessive (*compare* ECF Nos. 1 at 5-6, 20-1 at 13-19, *with* ECF No. 24 at 2); his counsel's performance was substandard by failing to object (*compare* ECF Nos. 1 at 7-8, 20-1 at 20-24, *with* ECF No. 24 at 3), and the search and seizure at issue was illegal (*compare* ECF Nos. 1 at 8, 20-1 at 24-26, *with* ECF No. 24 at 3-4). However, the Magistrate Judge spent a significant portion of the Report explaining the state trial court's sentence was not excessive based on its interpretation of S.C. Code Ann. § 44-53-370(e)(1)(a)(2) (2018); defense counsel's performance did not prejudice Petitioner because the objection would have been meritless, even if it had been offered; and numerous circumstances authorized officers to stop, search, and seize Petitioner, including: an officer observing Petitioner commit a traffic violation, Petitioner not being an authorized driver of the rental car he operated, and the rental car being two days overdue at the time of the stop.[2] (*See* ECF No. 22 at 10-21.) The court declines to hear Petitioner's rehashed objections.

The court finds no clear error on the face of the record and accordingly accepts the Report, adopts the findings therein, overrules Petitioner's Objections, and grants the Motion for Summary Judgment.

## V.    CONCLUSION

For the reasons set forth above, the court **GRANTS** Respondent's Motion for Summary Judgment. (ECF No. 16.) The court **ACCEPTS** the Magistrate Judge's Report and

---

[2] Relatedly, Petitioner previously argued that audio of the traffic stop was "altered . . . at the expense of [Petitioner's] freedom to undermine the Fourth Amendment of the U.S. Constitution." (ECF No. 20-1 at 24.) Petitioner does not provide, and the court does not find, any evidence in the record to substantiate Petitioner's conclusory allegations that law enforcement acted illegally or in bad faith in the instant matter.

Recommendation (ECF No. 22) and incorporates it herein by reference.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong. *See, e.g.*, *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability in this case.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 9, 2021
Columbia, South Carolina